## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN THOMPSON, Individually and On Behalf of All Others Similarly Situated, ) ) ) | |
| Plaintiff, ) ) | Case No. _____ |
| v. ) ) | JURY TRIAL DEMANDED |
| LOGMEIN, INC., ROBERT M. CALDERONI, SARA C. ANDREWS, STEVEN J. BENSON, ITA BRENNAN, MICHAEL J. CHRISTENSON, EDWIN J. GILLIS, DAVID J. HENSHALL, PETER J. SACRIPANTI, and WILLIAM R. WAGNER, ) ) ) ) ) ) ) ) | CLASS ACTION |
| Defendants. ) | |

## COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1. This action stems from a proposed transaction announced on December 17, 2019 (the "Proposed Transaction"), pursuant to which LogMeIn, Inc. ("LogMeIn" or the "Company") will be acquired by affiliates of Francisco Partners and Evergreen Coast Capital Corporation.

2. On December 17, 2019, LogMeIn's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Logan Parent, LLC ("Parent") and Logan Merger Sub, Inc. ("Merger Sub," and together with Parent, "Logan"). Pursuant to the terms of the Merger Agreement, LogMeIn's stockholders will receive $86.05 in cash for each share of LogMeIn common stock they own.

3. On January 17, 2020, defendants filed a proxy statement (the "Proxy Statement") with the United States Securities and Exchange Commission (the "SEC") in connection with the Proposed Transaction.

4. The Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Proxy Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of LogMeIn common stock.

9. Defendant LogMeIn is a Delaware corporation and maintains its principal executive offices at 320 Summer Street, Boston, Massachusetts 02210. LogMeIn's common stock is traded on the NASDAQ Global Select Market under the ticker symbol "LOGM."

10. Defendant Robert M. Calderoni is Chairman of the Board of the Company.

11. Defendant Sara C. Andrews is a director of the Company.

12. Defendant Steven J. Benson is a director of the Company.

13. Defendant Ita Brennan is a director of the Company.

14. Defendant Michael J. Christenson is a director of the Company.

15. Defendant Edwin J. Gillis is a director of the Company.

16. Defendant David J. Henshall is a director of the Company.

17. Defendant Peter J. Sacripanti is a director of the Company.

18. Defendant William R. Wagner is President, Chief Executive Officer, and a director of the Company.

19. The defendants identified in paragraphs 10 through 18 are collectively referred to herein as the "Individual Defendants."

## CLASS ACTION ALLEGATIONS

20. Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of LogMeIn (the "Class"). Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

21. This action is properly maintainable as a class action.

22. The Class is so numerous that joinder of all members is impracticable. As of December 13, 2019, there were approximately 48,576,756 shares of LogMeIn common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

23. Questions of law and fact are common to the Class, including, among others, whether defendants will irreparably harm plaintiff and the other members of the Class if

defendants' conduct complained of herein continues.

24. Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature. Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

25. The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

26. Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class. Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

### *Background of the Company and the Proposed Transaction*

27. LogMeIn is a leading provider of unified communications and collaboration, identity and access management, and customer engagement and support solutions.

28. On December 17, 2019, LogMeIn's Board caused the Company to enter into the Merger Agreement with Logan.

29. Pursuant to the terms of the Merger Agreement, LogMeIn's stockholders will receive $86.05 in cash for each share of LogMeIn common stock they own.

30. According to the press release announcing the Proposed Transaction:

> LogMeIn, Inc. (NASDAQ: LOGM), a leading provider of cloud-based connectivity, today announced that it has entered into a definitive agreement (or the "Agreement") to be acquired in a transaction led by affiliates of Francisco Partners, a leading technology-focused global private equity firm, and including Evergreen Coast Capital Corporation ("Evergreen"), the private equity affiliate of Elliott Management Corporation ("Elliott"), for $86.05 per share in cash. The all-cash transaction values LogMeIn at an aggregate equity valuation of approximately $4.3 billion.
>
> Under the terms of the Agreement, LogMeIn shareholders will receive $86.05 in cash for each share of LogMeIn's common stock they hold. This consideration represents a premium of approximately 25% to LogMeIn's unaffected closing stock price on September 18, 2019, the last trading day before a media report was published speculating about a potential sale process. The Board of Directors of LogMeIn approved the Agreement and recommended that shareholders vote in favor of the transaction. . . .
>
> The transaction is expected to close in mid-2020, subject to customary closing conditions, including the receipt of stockholder and regulatory approvals. . . .
>
> Qatalyst Partners and J.P. Morgan Securities LLC are acting as financial advisors to LogMeIn, and Latham & Watkins LLP is serving as the company's legal advisor.
>
> Mizuho Bank, Ltd. is acting as lead financial advisor and Barclays, Deutsche Bank Securities, Jefferies LLC, and RBC Capital Markets are acting as co-financial advisors to Francisco Partners and Evergreen with Paul Hastings LLP, Kirkland & Ellis LLP, and Gibson, Dunn & Crutcher LLP serving as legal advisors. Barclays, RBC Capital Markets, Deutsche Bank Securities, Jefferies Finance LLC, and Mizuho Bank, Ltd. have provided committed debt financing for the transaction.

***The Proxy Statement Omits Material Information, Rendering It False and Misleading***

31. Defendants filed the Proxy Statement with the SEC in connection with the Proposed Transaction.

32. As set forth below, the Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading.

33. First, the Proxy Statement omits material information regarding the Company's financial projections.

34. The Proxy Statement fails to disclose: (i) all line items used to calculate (a) Non-GAAP Operating Income, (b) Adjusted EBITDA, (c) Adjusted Free Cash Flow, and (d) Unlevered Free Cash Flow (including Pre SBC Excluding One-Time Cash Charges, Pre SBC, and Post SBC); and (ii) a reconciliation of all non-GAAP to GAAP metrics.

35. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

36. Second, the Proxy Statement omits material information regarding the analyses performed by the Company's financial advisors in connection with the Proposed Transaction, Qatalyst Partners LP ("Qatalyst") and J.P. Morgan Securities LLC ("JPM").

37. With respect to Qatalyst's Discounted Cash Flow Analysis, the Proxy Statement fails to disclose: (i) all line items used to calculate unlevered free cash flow; (ii) the individual inputs and assumptions underlying the range of discount rates of 9.0% to 11.0%; (iii) the terminal value of LogMeIn; (iv) the estimated cash balance of LogMeIn; (v) the estimated debt outstanding of LogMeIn; and (vi) the number of fully diluted shares of LogMeIn common stock outstanding.

38. With respect to JPM's Discounted Cash Flow Analysis, the Proxy Statement fails to disclose: (i) all line items used to calculate unlevered free cash flow; (ii) unlevered free cash flow for years 2026 through 2029 and all underlying line items; (iii) JPM's basis for applying a perpetual growth rate range between 2.0% and 3.0%; (iv) the terminal asset values; (v) the individual inputs and assumptions underlying the range of discount rates from 7.75% to 8.75%; and (vi) total net debt.

39. With respect to JPM's Analyst Price Targets for LogMeIn analysis, the Proxy Statement fails to disclose: (i) the price targets observed by JPM in the analysis; and (ii) the sources thereof.

40. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

41. The omission of the above-referenced material information renders the Proxy Statement false and misleading, including, *inter alia*, the following sections of the Proxy Statement: (i) Background of the Merger; (ii) Recommendation of Our Board of Directors and Reasons for the Merger; (iii) Opinion of Qatalyst Partners; (iv) Opinion of J.P. Morgan; and (v) Certain Financial Projections.

42. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

### Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and LogMeIn

43. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

44. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. LogMeIn is liable as the issuer of these statements.

45. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants

were aware of this information and their duty to disclose this information in the Proxy Statement.

46. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

47. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

48. The Proxy Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

49. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

50. Because of the false and misleading statements in the Proxy Statement, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants

51. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

52. The Individual Defendants acted as controlling persons of LogMeIn within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or directors of LogMeIn and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that

plaintiff contends are false and misleading.

53. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

54. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

55. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the 1934 Act.

56. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

  B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

  C. Directing the Individual Defendants to disseminate a Proxy Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

  D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

  E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

  F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: January 27, 2020

**RIGRODSKY & LONG, P.A.**

By: */s/ Gina M. Serra*
  Brian D. Long (#4347)
  Gina M. Serra (#5387)
  300 Delaware Avenue, Suite 1220
  Wilmington, DE 19801
  Telephone: (302) 295-5310
  Facsimile: (302) 654-7530
  Email: bdl@rl-legal.com
  Email: gms@rl-legal.com

**OF COUNSEL:**

**RM LAW, P.C.**
Richard A. Maniskas
1055 Westlakes Drive, Suite 300
Berwyn, PA 19312
Telephone: (484) 324-6800
Facsimile: (484) 631-1305
Email: rm@maniskas.com

*Attorneys for Plaintiff*